OKLAHOMA DOCUMENTARY STAMP TAX — RELIGIOUS GIFT A conveyance of realty as a gift from one party to another does not subject the transaction to the Oklahoma Documentary Stamp Tax as provided by 68 O.S. 1501 [68-1501] (1971). The Attorney General is in receipt of your recent letter wherein you ask the following question: "Does a 'gift' of real estate to a religious corporation or organization for religious use, without any consideration, constitute a 'sale' of realty so as to be subject to the Oklahoma Documentary Stamp Tax (68 O.S. 5101 [68-5101] (1971)) which imposes such a tax on instruments by which 'realty sold' shall be conveyed?" Title 68 O.S. 5101 [68-5101] (1971) provides as follows: "A. There is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00), a tax at the rate of fifty five cents ($0.55) for each Five Hundred Dollars ($500.00) or fractional part thereof. "B. The tax is limited to conveyances of realty sold and does not apply to other conveyances. The tax attaches at the time the deed or other instrument of conveyance is executed and delivered to the buyer, irrespective of the time when the sale is made. "C. The term 'sold' imports a transfer of an interest for a valuable consideration, which may involve money or anything of value. "D. The term ' deed' includes any instrument or writing whereby realty is assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or, at his discretion, any other person. " Subparagraph A of Section 68 O.S. 5101 [68-5101](B) was taken verbatim from the former Federal Stamp Tax Statute, found at 26 U.S.C.A. 4361. Various federal district courts have construed that statute to require a stamp tax only on transactions where the transfer of title was for valuable consideration. In Berkeley Savings and Loan Association of Newark, New Jersey v. United States, 301 F. Supp. 22
(1969), the U.S. District Court, District of New Jersey stated in part: ". . . From the language of that section Section 4361 it is clear that not all deeds, instruments, or writings conveying land or other realty are to have stamps affixed to them; only those deeds, instruments, or writings conveying land or other realty sold need have stamps affixed. Necessary, then, is an examination of the transaction being considered to see if there is a sale of realty; whether or not there is a sale depends, in the court's view, on whether or not the transfer of title was for consideration, and on the intention of the parties and the purpose for which the 'purchasing' party desires the property. . . . ". . . Cases involving Section 4361 do support the proposition that not all conveyances of legal title to property by deed or otherwise come within the purview of that section, but that, instead, the court must consider whether, in essence, the transaction was a sale of the property . . . . " One of the cases which supports the above-stated proposition is Berry v. Kavanaugh, 137 F.2d 574
(6th Cir., 1943), wherein the Sixth Circuit Court of Appeals stated in part: "If Congress had intended to levy a tax on every transfer of title it could have expressed its purpose in a sentence, but it is clear from the language of the section that it intended to confine the tax to actual sales." (Emphasis added) A plain reading of 68 O.S. 5101 [68-5101] (1971) indicates that the Oklahoma Legislature intended for the statute to have no broader scope than its former federal counterpart. Subparagraph B states in part: "The tax is limited to conveyances of realty sold and does not apply to other conveyances. . ." Subsection C provides: "The term 'sold' imports a transfer of an interest for a valuable consideration which may involve money or anything of value." (Emphasis added) This language means that the documentary stamp tax provided for by Section 5101 will only apply to those realty transactions involving an exchange of valuable consideration. The Oklahoma Supreme Court in Harness v. McKee Brown Lumber Company, 89 P. 1020
(1907) cited with approval the definition of "valuable consideration" from Professor Page's treatise on Contracts (Vol. 1, 274): "A valuable consideration is some legal right acquired by the promissor in consideration of his promise or forborne by the promissee in consideration of such promise. A common form of stating the same principle is that a valuable consideration for a promise may consist of a benefit to the promissor, or a detriment to the promissee. 'Benefit', as used in this connection, means that the promissor has in return for his promise acquired some legal right to which he would not otherwise have been entitled. "Detriment" means that the promissee has in return for the promise forborne some legal right which he would otherwise have been entitled to exercise." It is clear, then, that a gift conveyance of realty is not a transfer for a valuable consideration and would not be within the ambit of 68 O.S. 1501 [68-1501] (1971). When one party confers a "gift" upon another the donor neither receives a "benefit" as that term is defined in the Harness case, supra, nor transaction. In short, a gift conveyance involves no exchange of valuable consideration. It is, therefore, the opinion of the Attorney General that your question should be answered in the negative. A conveyance of realty as a gift from one party to another does not subject the transaction to the Oklahoma Documentary Stamp Tax as provided by 68 O.S. 1501 [68-1501] (1971). (Marvin C. Emerson)